**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1477**

THOMAS S. SHERWOOD, SR., in his individual capacity, and as
father and Personal Representative of the Estate of Thomas
S. Sherwood, Jr., the deceased; BEVERLY ANNE SHERWOOD, in
her individual capacity and as mother of Thomas S.
Sherwood, Jr., the deceased,

       Plaintiffs - Appellants,

       v.

STATE OF MARYLAND; MARYLAND DEPARTMENT OF NATURAL RESOURCES;
HUBERT F. BROHAWN, a Police Officer for the State of
Maryland Department of Natural Resources, and in his
individual capacity,

       Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Andre M. Davis, District Judge.
(1:07-cv-01331-AMD)

Argued: September 22, 2009       Decided: November 4, 2009

Before AGEE, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Margaret B. SEYMOUR, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Mark Robert Millstein, Baltimore, Maryland; David
Michael Silbiger, Baltimore, Maryland, for Appellants. Paul J.
Cucuzzella, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,

Annapolis, Maryland, for Appellees.   **ON BRIEF:** Douglas F. Gansler, Attorney General of Maryland, Baltimore, Maryland, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the deadly shooting of their son, Thomas Sherwood, Jr. (Sherwood), by Hubert Brohawn (Officer Brohawn), a law enforcement officer with the Maryland Department of Natural Resources (the DNR), Thomas (Sr.) and Beverly Sherwood (the Sherwoods) brought this action pursuant to 42 U.S.C. § 1983 and Maryland state law against Officer Brohawn, the State of Maryland, and the DNR.  The district court granted summary judgment to Officer Brohawn on the only viable federal claim, the § 1983 excessive force claim against Officer Brohawn, and declined to exercise supplemental jurisdiction over the state law claims, dismissing them without prejudice.  The Sherwoods appeal, and we affirm.

I

Shortly before 11:00 a.m. on July 31, 2006, Officer Brohawn observed Sherwood driving a motor vehicle near Bellevue, Maryland.  From his past contacts with Sherwood, Officer Brohawn suspected that Sherwood was driving with a suspended license, and Officer Brohawn so confirmed through phone calls to the Talbot County Sheriff's Office and the DNR Police Communications Center.

As Officer Brohawn was traveling in the opposite direction of Sherwood, Officer Brohawn had difficulty effectuating a

traffic stop. After parking his vehicle in several roadside locations, Officer Brohawn was unsuccessful in locating Sherwood. As a result, Officer Brohawn proceeded to the wharf where he knew Sherwood lived.

Officer Brohawn arrived at the wharf and proceeded down the dock toward Sherwood's boat. As Officer Brohawn approached, Sherwood exited the boat's cabin with a beer can in his hand, stepped onto the dock, and walked toward Officer Brohawn. Officer Brohawn told Sherwood he was taking him to the Maryland District Court Commissioner, but Sherwood responded that he was not going anywhere, and walked away from Officer Brohawn and back onto his boat.

Sherwood promptly untied two lines from the boat's stern cleats, put the boat in gear, started to move the boat forward from the dock, looked at Officer Brohawn, and spoke in a sarcastic tone, "now what are you going to do?" (J.A. 983). Officer Brohawn, who was then standing near the edge of the dock from where Sherwood had pulled the boat away, informed Sherwood that he intended to "just come . . . get you." (J.A. 987).

As Sherwood's boat was pulling forward from the dock, Officer Brohawn picked up the boat's starboard stern line and then the port stern line, which were both lying in the water from having been untied and released by Sherwood from the boat's stern cleats, and placed the lines upon the dock. In response,

- 4 -

Sherwood put the boat in reverse and walked away from the controls to the rear exterior of the boat's cabin, where he grabbed a tire jack (which weighed about six pounds), which was then leaning against the exterior wall of the cabin.

With tire jack in hand and the boat in reverse, Sherwood walked back towards the starboard stern of the boat and exited the boat onto the dock, leaving the running boat pinned up against the dock. Sherwood, who had a history of threatening police officers with weapons, then made a couple "quick, like running steps" in Officer Brohawn's direction, (J.A. 1008-09), took another skip step, said to Officer Brohawn, "you goddamn mother f***er. . . . I'm tired of your sh**," (J.A. 1011), and then slid his hands down the shaft of the tire jack and placed his hands together as he prepared to swing the tire jack.

From a position of about eight feet in front of Officer Brohawn, the left-handed Sherwood took a left-handed baseball batter's swing at Officer Brohawn with the tire jack level with Officer Brohawn's head, and then an immediate back swing in the reverse direction. During the first swing, the end of the tire jack, which had attached to it the tire jack's steel ratchet mechanism, passed in front of Officer Brohawn's head. During the back swing, Officer Brohawn, who had retreated slightly between the two swings, ducked as the end of the tire jack passed directly over his exposed head. Officer Brohawn, who

- 5 -

attempted unsuccessfully during the swings of the tire jack to grab with his left hand his pepper spray, recalls that at the instant of the back swing he was afraid that he "was going to feel [the tire jack] crushing down on [him]." (J.A. 1039).

Following the back swing, Officer Brohawn immediately told Sherwood to drop the tire jack. He then drew his service weapon, extended his arms towards Sherwood, and instructed Sherwood a second time to drop the tire jack. Instead of dropping the tire jack, Sherwood attempted to swing the tire jack a third time. As Sherwood attempted the third swing, Officer Brohawn discharged his weapon three times in rapid succession. The bullets from the three gunshots entered Sherwood's body as Sherwood rotated in a clockwise position in front of Officer Brohawn, much like a left-handed batter might rotate as he executes a baseball swing. As a result of these gunshot wounds, Sherwood died. His blood alcohol level at the time of his death was .11.

The Sherwoods brought this action pursuant to 42 U.S.C. § 1983 and Maryland state law against Officer Brohawn, the State of Maryland, and the DNR. The district court granted summary judgment to Officer Brohawn on the only viable federal claim, the § 1983 excessive force claim against Officer Brohawn, and

declined to exercise supplemental jurisdiction over the state law claims, dismissing the state law claims without prejudice.[1]

II

The Sherwoods maintain that the district court erred in granting summary judgment to Officer Brohawn, contending that the evidence in the record could support a finding that Officer Brohawn used excessive force in shooting Sherwood. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and applicable law, we conclude that the district court correctly concluded that Officer Brohawn did not use excessive force in shooting Sherwood as a matter of law. Accordingly, we affirm on the reasoning of the district court. See Sherwood v. State of Maryland, Civil No. 07-1331 (D. Md. April 7, 2008).[2]

AFFIRMED

---

[1] The § 1983 claims against the State of Maryland and the DNR were dismissed on Eleventh Amendment immunity grounds, and the Sherwoods understandably do not challenge this ruling on appeal.

[2] The Sherwoods also contend that, with regard to their § 1983 claim against Officer Brohawn, they are entitled to a presumption, based on the spoliation of evidence, that Officer Brohawn was intoxicated and/or under the influence of a mind altering substance at the time of the shooting. This contention lacks merit for the simple reason that Officer Brohawn had nothing to do with the alleged spoliation.